{¶ 70} Although I concur, generally, in the judgment of the trial court that is being adopted by this court, I differ in two respects, and would add an observation.
 {¶ 71} The most important difference I have deals with the Vickers' promissory estoppel claim. This claim is based upon two oral statements that Vickers avers were made to him in 1996 or 1997. The first of these is a statement by John Derr, evidently a person then in some authority at Vickers' employer, Jena Tool, that "you don't ever have to worry * * * [a]s long as our doors are open, you've got a — you have got a job." The second is a conversation in which David Whitehead, the President of Jena Tool, allegedly "asked me what my plans were for the future and I says I just stay working. He says we would like you to stay here and retire. And I said I would like to do that." Vickers claims that these statements constitute a promise of a lifetime job, and that he relied upon this promise to his detriment.
 {¶ 72} In Kelly v. Georgia-Pacific Corp. (1989), 46 Ohio St.3d 134, a case relied upon by Vickers, at paragraph three of the syllabus, the Court sets out the test for promissory estoppel in this context:
 {¶ 73} "The doctrine of promissory estoppel is applicable to at-will employment relationships. The test in such cases is whether the employer should have reasonably expected its representation to be relied upon by its employee and, if so, whether the expected action or forbearance actually resulted and was detrimental to the employee. (Mers v. DispatchPrinting Co. [1985], 19 Ohio St. 3d 100, 19 OBR 261, 483 N.E. 2d 150, explained and followed.)"
 {¶ 74} The facts in Kelly are admittedly similar in some respects to the facts in the case before us, although the statements constituting the alleged promise of lifetime employment in Kelly were primarily in writing, rather than in casual conversation. Significantly, only two of the justices forming the four-justice majority in Kelly joined in the opinion, with the other two justices concurring only in the syllabus.
 {¶ 75} Because the case before us involves a summary judgment rendered in favor of the defendant-employer, we must conclude that no reasonable finder of fact would find that the two oral statements made to Vickers (which we must assume were made as he has averred in his deposition testimony) constitute a representation that Vickers's employer, Jena Tool, should reasonably have expected Vickers to have relied upon as a promise of lifetime employment. In the context of summary judgment, this issue is, in my view, close. The statement attributed to Whitehead falls quite a bit short, in my estimation, being limited to an expression that the employer would "like" Vickers to stay at Jena Tool and retire. This appears to be an expression of personal preference, not a promise.
 {¶ 76} The statement attributed to Derr, construed literally, does appear to be a promise of lifetime employment. Significantly, it is not conditioned upon Vickers's continuing to do a good job, upon there being work to do, or upon any other circumstance that one would ordinarily expect to qualify a promise of lifetime employment. In my view, in the context of casual conversation following review of a job that Vickers had just completed, no reasonable finder of fact would find that Jena Tool would reasonably expect that this statement would be relied upon by Vickers as a promise of lifetime employment, although I acknowledge this to be a close call. In reaching this conclusion, I am influenced in part by a realization that a casual comment made by a boss to an employee during the course of a workday should not lightly be taken to create a situation where an employee who would otherwise be an at-will employee can subject his employer to a jury trial when the employer later decides to terminate his employment.
 {¶ 77} Because I conclude that the statements upon which Vickers relies cannot, as a matter of law, rise to the level of promissory estoppel, I find it unnecessary to consider the effect of his subsequent signing of the acknowledgment that he is an at-will employee.
 {¶ 78} A further point in which I differ with the opinion of the trial court that we are adopting is the statement therein that "a reason cannot be proved to be a `pretext for discrimination' unless it is shown both that the reason was false and that discrimination was the real reason," quoting from St. Mary's Honor Ctr. v. Hicks (1993), 509 U.S. 502, 515-516,113 S.Ct. 2742. While it is true that the plaintiff must prove that discrimination is the real reason for termination, "rejection of the defendant's proffered reasons will permit the trier of fact to infer the ultimate fact of intentional discrimination, and * * * `[n]o additional proof of discrimination is required,' * * *." (Emphasis in original.) Id., at 509 U.S. 511, 113 S.Ct. 2749. Any doubt on this point was resolved in Reeves v. Sanderson Plumbing Prods., Inc. (2000), 530 U.S. 133.
 {¶ 79} Because I agree that Vickers failed to establish a prima facie case of discrimination, the result in this case is not affected.
 {¶ 80} Finally, with respect to Vickers's claim of negligent misrepresentation, I would note that the alleged promise of lifetime employment is a promise of future conduct, not a misrepresentation of fact. Again, that does not affect the result.
 {¶ 81} Other than as noted, I concur in the opinion of the trial court that we are adopting as the opinion of this court, and I concur in the judgment of this court.
Brogan, P.J., concurs.
(Hon. Frederick N. Young, Retired from the Court of Appeals, Second Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio)